**Below is an order of the Court.**

*(signature)*

**U.S. Bankruptcy Judge**

PSCDO (6/1/13) pjk

## UNITED STATES BANKRUPTCY COURT
### District of Oregon

| | |
|---|---|
| In re | ) |
| **Stephen T. Ensign and Laura A. Ensign** | ) Case No. 16–30920–tmb7 |
| Debtor(s) | ) |
| | ) |
| **Stephen T. Ensign** | ) Adv. Proc. No. 16–03043–tmb |
| **et al.** | ) |
| Plaintiff(s) | ) |
| | ) |
| v. | ) SCHEDULING ORDER |
| | ) |
| **U.S. Bank National Association** | ) |
| Defendant(s) | ) |
| | ) |

**IT IS HEREBY ORDERED** that:

1. The following must occur within 120 days of the filing of the complaint:

   (a) Amendment of pleadings and joinder of other parties.

   (b) Filing of motions, including motions for summary judgment, other than discovery motions before discovery is closed. Any party added after the commencement of the above adversary proceeding has until 120 days after the filing of the complaint or 60 days after service of the pleading adding the new party, whichever is later, to file motions, including a motion for summary judgment, other than discovery motions before discovery is closed.

2. The parties must complete discovery 14 days prior to trial.

3. Pursuant to Fed. R. Civ. P. 16(b) and LBR 7026–1(d), this scheduling order modifies the times and extent of disclosure under Fed. R. Civ. P. 26(a)(3) as follows:

   (a) A party must disclose the information described in Fed. R. Civ P. 26(a)(3)(A)(i)–(ii) 14 days prior to trial. (This requirement includes, but is not limited to, a list of witnesses, except those who will be called solely for impeachment purposes. Any witness whose name is not included on a party's witness list will not be allowed to testify, except for good cause shown or solely for the purpose of impeachment.)

   (b) Within 7 days after the disclosure described in subparagraph (a), a party must serve and file a list disclosing any objections of the type described in Fed. R. Civ. P. 26(a)(3)(B). An objection not so disclosed will be deemed waived. Fed. R. Civ. P. 26(a)(3).

Page 1 of 2                    * * * SEE NEXT PAGE * * *

4. In addition to the requirements described in paragraph 3, and no later than 14 days prior to trial, the parties must:

(a) File and serve on all parties their trial briefs if they intend to file such briefs. Trial briefs must not exceed 20 pages in length, unless the court authorizes an over–length brief. Any motion to authorize the filing of an over–length brief must be filed no later than 3 business days before the brief is due.

(b) File a joint statement of agreed facts. Said statement must indicate which facts the parties agree are relevant and which facts the parties reserve objections as to relevance.

(c) Deliver to the court (do not electronically file) the original and two paper copies of all exhibits (except impeachment exhibits). Serve a copy of the exhibits on all parties. File and serve a list of those exhibits. Plaintiff's exhibits should be numbered and listed starting with "1." Defendant's exhibits should be lettered and listed starting with "A." Exhibits in excess of 10 should be tabbed and presented in a three–ring binder. If there are multiple parties or numerous exhibits, contact the Courtroom Deputy at 503–326–1553, for number assignments. Except for good cause shown, no exhibits will be received in evidence at trial unless presented in accordance with this order.

(d) Deliver to the court (do not electronically file) a copy of any deposition that will be offered as substantive evidence, with those portions sought to be admitted underlined. (This provision is not applicable to depositions used to refresh recollection or for impeachment.)

5. This scheduling order shall not be modified except upon a showing of good cause and leave by the court. Requests for extension of any time limit or for setover of any trial or hearing must be by written motion supported by an affidavit stating sufficient facts demonstrating good cause, appropriate use of prior time and that the extension/continuance was requested at the earliest time practical. The affidavit must indicate the number of prior extensions/continuances, that the moving party has consulted with opposing counsel regarding the request and whether the opposing counsel consents or objects to the requested extension/continuance. The above procedure must be followed even if all parties stipulate to the extension/continuance.