CLERK U.S. BANKRUPTCY COURT
DISTRICT OF OREGON
AUG -3 2016
LODGED_____ REC'D_____
PAID_____ DOCKETED_____

Below is an Order of the Court.

*Trish M. Brown*
TRISH M. BROWN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re:<br><br>STEPHEN T. ENSIGN and<br>LAURA A. ENSIGN<br><br>                Debtors.<br>LAURA A. ENSIGN and STEPHEN T. ENSIGN,<br><br>                Plaintiffs,<br><br>    v.<br><br>U.S. BANK NATIONAL ASSOCIATION, as trustee,<br><br>                Defendant. | Bankruptcy Case<br>No. 16-30920-tmb7<br><br><br><br>Adversary Proc. No. 16-03043-tmb<br><br>ORDER STRIKING AMENDED<br>COMPLAINT |

Laura and Stephen Ensign ("Debtors") commenced this adversary proceeding on April 12, 2016, by filing a complaint (ECF No. 1, the "Original Complaint"), in which they make various conclusory allegations concerning conduct by secured creditor U.S. Bank, N.A. ("U.S. Bank"). On May 12, 2016, U.S. Bank, acting as trustee for GreenPoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006-AR7, moved to dismiss the Original Complaint. ECF No. 3. The court held a hearing on July 5, 2016, at which it granted U.S. Bank's motion based on Debtors' failure to state a claim upon which relief could be granted, but gave Debtors fourteen days to file an amended complaint. At the July 5 hearing, the court expressly cautioned Debtors that if they chose to file an amended complaint, they needed to make specific factual allegations concerning the fraudulent or bad faith actions that they contend were committed by U.S.

Page 1 - ORDER STRIKING AMENDED COMPLAINT

Bank. Debtors subsequently obtained an extension of their filing deadline through August 1, 2016. ECF No. 27. On August 1, 2016, Debtors filed a document styled Adversary Complaint - First Amended (ECF No. 30, the "<u>Amended Complaint</u>").

The Amended Complaint is substantially identical to the Original Complaint, with the exception of three new allegations. First, Debtors have added a paragraph stating that "Defendant had no standing to sue us in the state court, based on multiple misrepresentations and violations of the FDCPA." Amend. Compl. ¶ 3(A). Despite this court's repeated invitations to come forth with specific facts, Debtors continue to make vague allegations of "FDCPA violations," without providing any supporting details. Moreover, violations of the Fair Debt Collection Practices Act are redressed through monetary damages. 15 U.S.C. § 1692k. Even if U.S. Bank had violated the FDCPA, this court is unaware of any authority for Debtors' contention that such violations would somehow deprive the bank of standing to enforce its note and trust deed.

The second new provision that appears in the Amended Complaint is a paragraph stating "As a matter of Oregon's Negotiable Instruments Law, there is currently no default and has not been since at least June, 2011." Amend. Compl. ¶ 3(B). On April 19, 2016, Mr. Ensign appeared before this court and stated that Debtors last made a payment on the U.S. Bank mortgage in 2011. *See* Main Case, ECF No. 14. Thus, the allegation in the Amended Complaint is flatly contradicted by Mr. Ensign's statements to the court. Although not explained in the Amended Complaint, the court can only assume that Debtors are rehashing one of the same theories that they relied upon in resisting U.S. Bank's motion to dismiss. Specifically, Debtors have argued that there is no default on the promissory note because Debtors have requested presentment of the note, but U.S. Bank has failed to comply. *See* Pltf's Opp. to Motion to Dismiss (ECF No. 21), Exh. B at 1, notes 3 and 4 and accompanying text. In support of this argument, Debtors cite ORS 73.0501, which is Oregon's version of section 3-501 of the Uniform Commercial Code. However, the language upon which Debtors rely (concerning presentment of a promissory note) is prefaced by ORS 73.0501(2), which specifies that "The following rules are subject to . . . agreement of the parties." As is the case with virtually all modern mortgage notes, the note in question waives the makers' right of presentment and notice of dishonor. Decl. of Jesse A.P. Baker (ECF No. 4), Exh. A, at § 10. Because Debtors waived

Page 2 - ORDER STRIKING AMENDED COMPLAINT

their right of presentment, the presentment provisions of ORS 73.0501(2)(c) do not apply, and Debtors' denial of a default collapses in the face of Mr. Ensign's admission that the Debtors have not made mortgage payments for approximately five years. *See* Fred H. Miller & Alvin C. Harrell, *The Law of Modern Payment Systems* ¶ 4.03[2][a][i], at 166-167 (2003) ("An instrument is dishonored when . . . presentment is excused and the instrument is not duly accepted or paid." (footnotes omitted)).

Finally, the Amended Complaint contains a new sentence stating "Defendant has made fraudulent claims against our property unclean hands [sic] in spite of having knowledge of the above." Amend. Compl. ¶ 3(C). This bare allegation, devoid of any detail, runs afoul not only of the court's instructions at the July 5 hearing, but also violates the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) (applicable through Federal Rule of Bankruptcy Procedure 7009).

In conclusion, Debtors' Amended Complaint is functionally indistinguishable from the Original Complaint, which the court has already dismissed for failure to state a claim. The entire pleading relies on generalities, speculation, and legal conclusions untethered from any factual support. *See generally, Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (plaintiffs must make specific plausible allegations to survive a motion to dismiss). Given its redundancy, the Amended Complaint serves no purpose other than requiring U.S. Bank to raise the same argument upon which it prevailed in its previous motion to dismiss. The court sees no need for such a needless expenditure of resources. *See Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998) (courts have the "inherent power to control their dockets and may impose sanctions, *including dismissal*, in the exercise of that discretion." (*quoting Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992) (internal quotation marks omitted, emphasis by *Hernandez* court))).

For the reasons stated above, IT IS HEREBY ORDERED, that the Debtors' Amended Complaint is stricken and the clerk of the court is directed to close the above-captioned proceeding.

###

cc: Debtors
 Jesse A.P. Baker

Page 3 - ORDER STRIKING AMENDED COMPLAINT