```
                       United States Bankruptcy Court
                              District of Oregon
Ensign,
          Plaintiff                                    Adv. Proc. No. 16-03043-tmb
U.S. Bank National Association,
          Defendant                    CERTIFICATE OF NOTICE
District/off: 0979-3          User: Admin.           Page 1 of 1        Date Rcvd: Aug 03, 2016
                              Form ID: pdf018        Total Noticed: 4
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 05, 2016.
```
pla          +Laura A. Ensign,    POB 564,   Forest Grove, OR 97116-0564
pla          +Stephen T. Ensign,   POB 564,   Forest Grove, OR 97116-0564
dft          +U.S. Bank National Association,   c/o Jesse A.P. Baker,   4375 Jutland Dr. #200,   POB 17933,
              San Diego, CA 92177-7921
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
ust          +E-mail/Text: ustpregion18.pl.ecf@usdoj.gov Aug 04 2016 00:23:44     US Trustee, Portland,
              620 SW Main St #213,   Portland, OR 97205-3026
                                                                                             TOTAL: 1
```

```
             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 05, 2016                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 3, 2016 at the address(es) listed below:
NONE.                                                                                        TOTAL: 0

Below is an Order of the Court.

_____
TRISH M. BROWN
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: <br><br>STEPHEN T. ENSIGN and <br>LAURA A. ENSIGN <br><br>       Debtors. | Bankruptcy Case <br>No. 16-30920-tmb7 |
| LAURA A. ENSIGN and STEPHEN T. ENSIGN, <br><br>       Plaintiffs, <br><br>  v. <br><br>U.S. BANK NATIONAL ASSOCIATION, as trustee, <br><br>       Defendant. | Adversary Proc. No. 16-03043-tmb <br><br>ORDER RE: PLAINTIFFS' OBJECTION TO ORDER |

On May 12, 2016, defendant U.S. Bank, National Association, as Trustee for GreenPoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006-AR7 ("U.S. Bank"), moved to dismiss the above-captioned proceeding. ECF No. 3. The court held a hearing on U.S. Bank's motion on July 5, 2016. Following the July 5 hearing, the court entered a minute order (ECF No. 24) granting U.S. Bank's motion and granting Stephen and Laura Ensign ("Debtors") leave to file an amended complaint. On August 1, 2016, Debtors filed a document captioned Plaintiffs' Objection to Order (ECF No. 31, the "Motion"), in which they seek relief from the court's minute order of July 5. The court has construed the Plaintiffs' objection as a motion for relief from a judgment or order pursuant to Federal Rule of Civil Procedure 60(b) (applicable through Federal Rule of Bankruptcy Procedure 9024).

Page 1 - ORDER RE: PLAINTIFFS' OBJECTION TO ORDER

DISTRICT OF OREGON
F I L E D
August 03, 2016
Clerk, U.S. Bankruptcy Court

Case 16-03043-tmb    Doc 36    Filed 08/05/16

1    Debtors' Motion raises two points, both of which lack merit.  First, Debtors contend that U.S. Bank
2    failed to comply with Federal Rule of Bankruptcy Procedure 7012(b), because defendant did not admit or
3    deny that the above-captioned proceeding is core or non-core.  Rule 7012(b) only requires such an admission
4    or denial in a party's "responsive pleading."  Pleadings are defined in Federal Rule of Civil Procedure 7(a)
5    (applicable through Federal Rule of Bankruptcy Procedure 7007).  Instead of filing a responsive pleading,
6    U.S. Bank elected to file a motion to dismiss, a course of action that is authorized by the applicable rules.
7    Accordingly, because U.S. Bank never filed a responsive pleading, the requirements of Rule 7012(b) were
8    never triggered.

9    Second, Debtors state that U.S. Bank failed to timely file and serve the corporate disclosure statement
10   required by Federal Rule of Bankruptcy Procedure 7007.1.  U.S. Bank filed its corporate disclosure
11   statement on June 30, 2016.  ECF No. 23.  Although the disclosure may not have been timely, Debtors were
12   not prejudiced and U.S. Bank's delay has no bearing on the question of whether Debtors' complaint was
13   properly dismissed.  Rule 7007.1 is the Bankruptcy Court counterpart to Federal Rule of Appellate Procedure
14   26.1 and Federal Rule of Civil Procedure 7.1.  *See* Fed. R. Bankr. P. 7007.1 advisory committee notes.
15   Noncompliance with such disclosure rules does not impact a court's jurisdiction and a court may excuse
16   noncompliance in cases where the opposing party is not prejudiced.  *See Scheibler v. Highmark Blue Shield*,
17   243 Fed. Appx. 691, 694 (3d Cir. 2007) (purpose of Rule 7.1 disclosure statement "is to provide judges with
18   information to determine if any financial interests require the judge to disqualify him or herself from the
19   case;" failure to file disclosure statement is harmless error if the opposing party is not prejudiced).

20   For the reasons stated above, IT IS HEREBY ORDERED, that the Debtor's Motion is DENIED.

###

22   cc:   Debtors
            Jesse A.P. Baker

Page 2 - ORDER RE: PLAINTIFFS' OBJECTION TO ORDER